IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-10-0790-3 |
| | § | CIVIL ACTION NO. H-16-1909 |
| MIGUEL SOTO, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING UNITED STATES' MOTION TO DISMISS AND DENYING DEFENDANT'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Response and Motion to Dismiss (Document No. 546) and Defendant/ § 2255 Movant Miguel Soto's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document No. 536). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Motion to Dismiss, the record of the proceedings in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

### I. Introduction and Procedural History

Movant Miguel Soto ("Soto"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Soto's first motion pursuant to § 2255.

On November 10, 2010, Soto was charged by Indictment, along with several co-Defendants, with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846 (count 1), four counts of aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (counts 2, 3, 4 and 5), conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A) (count 7), and aiding and abetting money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (count 8) (Document No. 20). On April 27, 2012, Soto pled guilty to counts 1 and 7, and was thereafter sentenced, following the preparation of a presentence investigation report, to 216 months imprisonment on counts one and seven, to be followed by a five year term of supervised release. A Judgment of Conviction was entered on January 14, 2014 (Document No. 478). Soto did not appeal. Instead, more than two years after his conviction was final, Soto filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 40), which is premised on the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). The Government has filed a Response and Motion to Dismiss (Document No. 546), arguing that *Johnson* is inapplicable and that Soto's § 2255 Motion is time-barred. Soto has not, to this date. filed a response to the Government's Motion to Dismiss.

**II.    Claim**

In one claim, Soto appears to argue that a two point enhancement he was assessed under the Sentencing Guidelines is no longer valid given the Supreme Court's decision in *Johnson*. The Government, in response and in support of its Motion to Dismiss, contends that Soto's § 2255 Motion is time-barred because it was not filed within a year of his conviction becoming final, and

because *Johnson*, which was determined to apply retroactively to cases on collateral review, has no applicability to Soto's conviction and sentence under 21 U.S.C. § 841 and 18 U.S.C. § 1956.

## III. Discussion

In *Johnson*, the Supreme Court found that "an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. The "residual clause" at issue in *Johnson* is that part of 18 U.S.C. § 924(e)(2)(B)(ii) which defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another." The holding in *Johnson* was made retroactive to cases on collateral review in *Welch*.

Since then, various other statutory provisions, including the "crime of violence" definition in 8 U.S.C. §16(b), and provisions of the United States Sentencing Guidelines, have been challenged on the same due process grounds as that at issue in *Johnson*. While the Supreme Court has not yet addressed the due process challenges to like-worded *statutory* provisions, it has, in *Beckles v. United States*, ___ S.Ct. ___, 2017 WL 855781 (March 6, 2017), determined that the type of due process, void for vagueness challenges at issue in *Johnson* could not be made to like-worded provisions of the Sentencing Guidelines. In making that distinction, the Court in *Beckles* wrote:

> This Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S., at ─────, 135 S.Ct., at 2556 (citing *Kolender v. Lawson*, 461 U.S. 352, 357–358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Applying this standard, the Court has invalidated two kinds of criminal laws as "void for vagueness": laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses. *Id.*, at 357, 103 S.Ct. 1855. For the latter, the Court has explained that "statutes fixing sentences," *Johnson, supra*, at ─────, 135 S.Ct., at 2557 (citing *United States v. Batchelder*, 442

3

U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)), must specify the range of available sentences with "sufficient clarity," *id.,* at 123, 99 S.Ct. 2198; *see also United States v. Evans,* 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); cf. *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).

In *Johnson*, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. *See Alleyne v. United States,* 570 U.S. ——, ——, 133 S.Ct. 2151, 2160–2161, 186 L.Ed.2d 314 (2013) (describing the legally prescribed range of available sentences as the penalty fixed to a crime).

Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 2017 WL 855781, at *5–6.

Here, as argued by the Government, *Johnson* does not directly or indirectly apply to Soto's conviction and/or sentence. That is because Soto was sentenced pursuant 21 U.S.C. § 841 and 18 U.S.C. § 1956 – *not* 18 U.S.C. § 924(e), and because any enhancement made to Soto's sentence pursuant to the Sentencing Guidelines does not, according to the Supreme Court in *Beckles*, implicate Soto's due process rights. On that basis alone, the Government's Motion to Dismiss should be granted. The Government's other, related argument – that Soto's § 2255 Motion is untimely – also has merit. Pursuant to § 2255(f), there is a one-year limitations period for the filing of a § 2255 Motion to Vacate, with the limitation period commencing from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, for purposes of the limitations period under § 2255(f)(1), (2), and (4), Soto's § 2255 Motion was filed more than two years after his conviction was final, Soto has not alleged that he was impeded by any governmental action from timely filing a § 2255 notion, and has not alleged the recent discovery of any facts that support his claim. In addition, given the Supreme Court's ruling in *Beckles*, which renders *Johnson* inapplicable to Soto's Sentencing Guidelines claim, Soto's § 2255 motion cannot be considered timely under § 2255(f)(3). As such, for this additional reason, Soto's § 2255 Motion is subject to dismissal as untimely.

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Soto's Sentencing Guidelines claim is both foreclosed by the Supreme Court's decision in *Beckles* and untimely, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 546) be GRANTED, Soto's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 536) be DENIED, and this § 2255 proceeding be DISMISSED with prejudice on the merits and as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 14th day of September, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE